UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61848-CIV-COHN/SNOW

BARRY J. SPIEGEL,

       Plaintiff,

v.

BARRY SIEGEL, PHILIP B. KART,
KENNETH J. FRIEDMAN, BRUCE
S. UDELL, and PACIFIC ETHANOL, INC.,

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon two related motions: Plaintiff Barry Spiegel's Motion to Stay or, in the Alternative, Motion for Enlargement of Time [DE 28] and Defendants' subsequent Motion to Strike [DE 35]. The Court has considered the Motions, their respective Responses and Replies [DE 31, 34, 36, 37] and the record, and is otherwise fully advised in the premises.

## I.   Background and Procedural History

This action was brought by Plaintiff Barry J. Spiegel pursuant to the Securities and Exchange Act of 1934 against several former directors and officers of Accessity Corp., a New York corporation in which Plaintiff was a shareholder. The facts alleged in the Complaint arose out of a merger of Accessity into Accessity's wholly owned subsidiary, Defendant Pacific Ethanol, Inc. Plaintiff asserts that the Defendants caused Accessity to publish a fraudulent proxy statement that induced him not to seek an appraisal of his shares, causing him damages.

Prior to filing the instant action, Plaintiff filed an action in state court, alleging exclusively state law claims arising out of the same merger.  That case was dismissed in December 2006 on two grounds: first, that his exclusive remedy was the statutory appraisal remedy for dissenting shareholders provided by the New York Business Corporation Law,  and second, that his claims were derivative and he could not bring them directly.  Plaintiff appealed that order to the Fourth District Court of Appeal, then dismissed the appeal to allow the Fourth District to relinquish jurisdiction back to the trial judge, and finally filed an amended complaint with the trial judge.

In the meantime, in an effort to preserve his federal law rights, he filed the instant federal suit asserting legal theories in the alternative to the theories being asserted in state court.  Plaintiff appears never to have served this initial Complaint on Defendants, and in March 2007, nearly four months after the action was commenced, he filed an Amended Complaint.  Defendants were served at that time, and requested and received an extension of time to respond to the Amended Complaint.  Defendants filed their Motion to Dismiss the Amended Complaint on April 23, 2007.  Thereafter, on May 8, 2007, Plaintiff filed the instant Motion to Stay, or in the Alternative, for Enlargement of Time to File Response to Motion to Dismiss.  Defendants' subsequently filed the instant Motion to Strike, challenging allegations made in Plaintiff's Reply in support of his Motion to Stay.  For the reasons articulated below, the Court finds no grounds on which to strike the referenced allegations in Plaintiff's Reply, nor does the Court find any justification for staying the instant action during the pendency of Plaintiff's state law action.  Accordingly, the instant Motions will be denied, with a limited extension of time granted to allow Plaintiff to respond to the pending Motion to Dismiss.

2

## II.   **Defendants' Motion to Strike**

Defendants file the instant Motion to Strike to challenge allegations made by

Plaintiff in the Reply in support of his Motion to Stay. There, Plaintiff advised the Court

of the procedural history of the state court action, including what Plaintiff perceives to

be arguments and misstatements of the law made in bad faith by Defendants before

the state trial judge.  In response, Defendants filed the instant Motion to Strike, arguing

that any references to an as yet unfiled Section 57.105 motion[1], as well as Plaintiff's

other accusations and "scurrilous attack[s]," were irrelevant and improper.  However,

Defendants cite no law in support of their Motion, arguing only that these references are

"improper" and irrelevant to the matter at issue.  Plaintiff counters that the proceedings

in state court are relevant to this Court's determination of whether a stay is appropriate,

and that the alleged misstatements of Defendants' counsel go to the pivotal legal issue

in the case: whether or not Plaintiff had appraisal rights.  Plaintiff also advises the Court

that he has now filed the referenced 57.105 motion in the state case.

Although the information provided by Plaintiff may be of questionable relevance

to the precise issues raised in the Motion to Stay, the Court necessarily must consider

the state court proceedings, of which the 57.105 motion and its accompanying

allegations are a part.  Absent any more compelling arguments from Defendants in

---

[1] Section 57.105 is the Florida state law version of Federal Rule of Civil
Procedure 11.  Under this Section, as under Rule 11, the party seeking sanctions must
serve a copy of the motion to the opposing party, but may only file it with the court if,
within 21 days of service, the opposing party fails to withdraw the offending paper,
claim, defense, contention, allegation, or denial. Fla. Stat. § 57.105(4).

favor of exclusion, the Court concludes that it need not strike the challenged references to the 57.105 motion, although the appropriate weight will be given to them. Accordingly, Defendants' Motion to Strike will be denied.

### III.   **Plaintiff's Motion to Stay**

Plaintiff files the instant Motion to Stay, arguing that the interests of judicial efficiency will be served by staying this case until final judgment is entered and Defendants' rights to appeal are exhausted in the state case.  In the alternative, Plaintiff seeks an extension of time to respond to the Motion to Dismiss pending the resolution of the motion to dismiss his amended state court complaint, currently pending before a state trial judge and set for hearing later this month.  Plaintiff asserts that the state trial judge, with the assistance of Defendants' counsel, erred in his decision dismissing the original state complaint.   Plaintiff argues that a favorable outcome in his state court case will obviate the need for the federal case, because it was plead in the alternative to the claims presented in state court, and thus that judicial efficiency will be served by this Court staying the instant case until the motion to dismiss pending in state court is ruled upon.

Plaintiff bases his Motion on the Supreme Court's decision in Colorado River Water Conservation District v. United States.  424 U.S. 800 (1976).  In Colorado River, the Court held that in addition to the traditional doctrine of abstention, there are principles resting on considerations of wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation that can justify a federal court's decision to dismiss or stay a case due to the presence of concurrent state proceedings.  Id. at 817.  However, the Court also emphasized the "heavy obligation to

4

exercise jurisdiction," Id. at 820, and stressed that it was setting out only a narrow exception to the general rule that the pendency of an action in state court is not a bar to proceedings concerning the same matter in federal court. Id. at 817.

In interpreting Colorado River decision and its progeny, the Eleventh Circuit has enumerated the following six factors that courts should weigh in analyzing the permissibility of Colorado River abstention: "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy or inadequacy of the state court to protect the parties' rights." Ambrosia Coal and Const. Co. v. Morales, 368 F.3d 1320, 1331 (11th Cir. 2004). The weighing of these factors is necessarily a flexible process: no single factor is determinative, the weight given to each factor may vary from case to case, and the factors "must be considered flexibly and pragmatically, not as a 'mechanical checklist.'" Id. at 1332 (quoting Moses H. Cone Hospital v. Mercury Const. Co., 460 U.S. 1, 16 (1983)). Furthermore, the Colorado River abstention inquiry must be "'heavily weighted in favor of the exercise of jurisdiction.'" Id.

The Court will first address the threshold question of whether the instant federal action and pending state action are substantially similar to warrant the application of the Colorado River analysis. The Court's analysis will then turn to a consideration of each of the six factors, and a balancing of those factors, supporting the conclusion that Colorado River abstention is unwarranted in this case.

A.    Applicability of *Colorado River* Analysis

As a threshold matter, the Colorado River analysis is applicable only "when

5

federal and state proceedings involve substantially the same parties and substantially the same issues." Ambrosia Coal, 368 F.3d at 1330. Defendants argue that the instant action involves only federal claims, brought in the alternative to the very different claims raised in state court. Thus, Defendants argue, the two actions do not satisfy the "parallel proceeding" requirement and the Court lacks the discretion to abstain. Plaintiff counters that the law is ambiguous as to whether federal courts may abstain when a claim is within exclusive federal jurisdiction, and points to cases in which courts did stay federal claims in deference to a similar, but not identical, state proceeding.

In considering this threshold issue, the Court is mindful of the Eleventh Circuit's emphasis on the "flexible and holistic" nature of the Colorado River test. Ambrosia Coal, 368 F.3d at 1330. In Ambrosia Coal, the court rejected a party's argument that Colorado River abstention would only be permissible when the relevant federal and state cases shared identical parties, issues, and requests for relief. Id. at 1329-30. Rather, the court applied a more flexible reading of the test, concluding that the cases need only be "substantially similar." Id. at 1330. Accordingly, this Court declines to take a narrow reading of this language and will assume, for purposes of analysis, that the "substantially similar" threshold has been met.

B.    First Factor: Jurisdiction Over Property

Neither party in the instant action argues that this factor is applicable, because the relevant cases are not proceedings *in rem*, and neither court has jurisdiction over any relevant property. Accordingly, this factor does not weigh in favor of, or in opposition to, abstention.

6

C.     Second Factor:  Inconvenience of the Federal Forum

The second factor focuses on the physical proximity of the federal forum to the evidence and the witnesses.  American Bankers Ins. Co. of Florida v. First State Ins. Co., 891 F.2d 882, 885 (11th Cir. 1990).  Neither party has asserted that this Court is an inconvenient forum.  Indeed, the related state proceedings are also being conducted in Fort Lauderdale, Florida, where this Court sits, so neither court is more or less convenient to the evidence and witnesses than the other.  Accordingly, the second factor does not weigh in favor of, or in opposition to, abstention.

D.     Third Factor:  Potential for Piecemeal Litigation

As a general rule,[2] the third factor favors the avoidance of piecemeal litigation. This factor is the primary focus of Plaintiff's argument.  Plaintiff asserts that allowing the state court to correctly resolve the claims currently pending before it will obviate the need for the federal action entirely, thus avoiding piecemeal and duplicative litigation of similar issues.  However, a simple showing of the potential for piecemeal litigation is not adequate to warrant a stay under the Colorado River analysis.  The Eleventh Circuit has held that "as it is properly understood, Colorado River's factor concerning the avoidance of piecemeal litigation does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is *abnormally excessive or deleterious.*"  Ambrosia Coal, 368 F.3d at 1333 (*emphasis added*).  Here,

---

[2] This factor does not, in all cases, weigh in favor of avoiding piecemeal litigation.  In Moses H. Cone, the Supreme Court held that a stay was not justified on the grounds of avoiding piecemeal litigation because the relevant federal law actually requires such piecemeal litigation when necessary to give effect to an arbitration agreement.  460 U.S. at 20.  Thus, depending on the specific circumstances of the case, the potential for piecemeal litigation may not weigh in favor of abstention.

7

although the underlying facts are similar, the substantive claims and defenses in the
state and federal cases have significant differences, and so litigation of these issues in
both state and federal court may be inevitable in any event.  Furthermore, Plaintiff
himself acknowledges that in the event he is unsuccessful for the second time in
opposing Defendants' motion to dismiss the state court case, he will continue to pursue
a remedy in federal court.  Thus, to some extent, piecemeal and duplicative litigation
may be inevitable in this action, and the Court does not find the potential for such
piecemeal litigation to be abnormally excessive or deleterious so as to weigh in favor of
abstention.

   E.  <u>Fourth Factor:  Order in Which Fora Obtained Jurisdiction</u>

    The fourth factor, the order in which the fora obtained jurisdiction, is not
measured exclusively by which complaint was filed first, but also includes a
consideration of how much progress has been made in each case.  <u>Moses H. Cone</u>,
460 U.S. at 21.  Here, the state case was filed first and the state court has made
significantly more progress in the action, having already granted a motion to dismiss
and received an amended complaint that is now under consideration on a second
motion to dismiss.  Accordingly, the fourth factor also fails to weigh in favor of
abstention.

   F.  <u>Fifth Factor:  Applicable Law</u>

    The fifth factor involves a consideration of whether federal or state law provides
the rule of decision on the merits of the instant action.  This factor was of relatively little
significance in <u>Colorado River</u> itself, but was considered more fully by the Supreme
Court in <u>Moses H. Cone</u>.  <u>See</u> 460 U.S. at 23.  There, the Court concluded that the

8

source-of-law factor was somewhat less significant, because the federal courts' jurisdiction to enforce the statute at issue, the Arbitration Act, was concurrent with that of the state courts. Id. at 25. However, the Court noted that the task presented in such cases was not to find a reason to justify the exercise of federal jurisdiction, but rather to ascertain whether there exist exceptional circumstances to warrant the surrender of that jurisdiction. Id. Furthermore, the Court explained that "although in some rare circumstances the presence of state-law issues may weigh in favor of that surrender, the presence of federal-law issues must always be a major consideration weighing against surrender." Id. at 26. The Eleventh Circuit has also interpreted this factor narrowly, holding that the applicable question to consider is whether the action involves complex questions of state law that a state court might be best suited to resolve. Ambrosia Coal, 368 F.3d at 1334.

In his Motion, Plaintiff makes only the conclusory argument that "the common issues that warrant abstention and a stay are all state law issues." (Plaintiff's Motion for Stay, p. 6 [DE 28-1]. The Court infers that the critical state law issues to which Plaintiff refers are the questions regarding whether or not Plaintiff had appraisal rights under state law. As Plaintiff states in his Motion, his claims in the instant case are premised on his having been entitled, under New York law, to seek an appraisal of his shares. However, the substantive claims themselves are based on federal securities law. Furthermore, this Court does not find that the state law issues are complex questions of state law that the Florida state court is best suited to resolve, especially in light of the fact that the state law at issue is that of the state of New York. Accordingly, the Court concludes that the fifth factor does not weigh in favor of abstention.

9

G.    Sixth Factor: Adequacy of the State Court to Protect the Party's Rights

The sixth factor, discussed in <u>Moses H. Cone</u>, requires consideration of whether the state court can adequately protect the parties' rights. In <u>Moses H. Cone</u>, the Supreme Court concluded that an important reason against allowing the requested stay was the "probable inadequacy of the state-court proceeding to protect [Respondent] Mercury's rights." 460 U.S. at 26. This conclusion was based on the Court's reasoning that "there was, at a minimum, substantial room for doubt that Mercury could obtain from the state court an order compelling the Hospital to arbitrate." <u>Id.</u> at 26-27. The Eleventh Circuit has clarified the limitations of this factor, holding that "this factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." <u>Ambrosia Coal</u>, 368 F.3d at 1334. There is no indication in the instant case that either the federal or the state forum is inadequate to protect Plaintiff's rights. Accordingly, this factor weighs neither for nor against abstention.

H.    Balancing of the Factors

Based on a careful balancing of the factors articulated above, the Court concludes that these factors, taken individually and together, do not weigh strongly in favor of abstention. In light of the Court's significant duty to exercise its jurisdiction, and in the absence of any compelling arguments to the contrary, Plaintiff's Motion to Stay will be denied.

III.    **Motion for Enlargement of Time**

In the alternative to his Motion for Stay, Plaintiff also included a Motion for Enlargement of Time to File Response to Defendants' Motion to Dismiss Amended Complaint. Plaintiff requests an enlargement of time to August 31, 2007 to allow time

10

for the state trial judge to resolve Defendants' pending motion to dismiss in the state action. However, in light of the fact that Plaintiff is not entitled to a stay under Colorado River, the Court is disinclined to give Plaintiff the same relief via a Motion for Enlargement of Time. Nonetheless, Plaintiff's time to Respond to the Motion to Dismiss has now come and gone during the pendency of the instant Motions. Accordingly, Plaintiff will be granted a limited extension of time to allow for the filing of a Response to Defendants' Motion to Dismiss.

## IV.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Defendants' Motion to Strike [DE 35] is **DENIED**.

2.    Plaintiff's Motion for Stay or, in the Alternative, for Enlargement of Time [DE 28] is **GRANTED in part and DENIED in part**. Plaintiff's request for a Stay pursuant to Colorado River is denied. Plaintiff's request for an Enlargement of Time is granted in part and denied in part. Plaintiff shall have up to and including August 6, 2007 to file a Response to Defendants' pending Motion to Dismiss.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this _17_ day of July, 2007.

JAMES I. COHN
United States District Judge

11

Copies provided to:

Counsel of record